Zerfing *v.* Mourer.

———•○•———

## ZERFING *v.* MOURER.

In an action of trespass for debauching plaintiff's daughter, if he did not ac-
tually connive at the guilty intercourse, evidence of loss occasioned by it,
will justify a recovery.   Proof of careless indifference could only go in
mitigation of damages.

### *Error to Cedar District Court.*

*Opinion by* GREENE, J.   This was an action of trespass,
on the case brought by George Mourer for debauching his

Zerfing v. Mourer.

daughter, whereby she became pregnant and was delivered of a child.  Plea, not guilty.  Verdict and judgment for the plaintiff.

On the trial, defendant requested the court to instruct the jury, that if the plaintiff by a careless indifference of his daughter's chastity, whether by design or otherwise, has afforded facilities of criminal intercourse between his daughter and the defendant he cannot recover.  The court refused to give this instruction as asked, and instead of it, charged the jury, that if from the testimony they believed, the plaintiff had by a careless indifference for his daughter's chastity, either by design or otherwise, afforded facilities for criminal intercourse between her and the plaintiff, it would be matter in mitigation of damages only, and not a bar to plaintiff's recovery.

The plaintiff's loss of his daughter's service caused by the defendant's carnal intercourse with her, constitutes the gravamen of this action.  If therefore, the plaintiff did not actually connive at the guilty intercourse, evidence of loss occasioned by it would be sufficient to justify a recovery.  If instances of carelesss indifference for a daughter's chastity should be admissible to defeat a suit of this character, the action could seldom be maintained.  Such instances might be adduced in every proceeding of the kind.  The fact that a parent should ever suffer his daughter to place herself in any situation where she might be seduced, could under such a rule be referred to the jury as evidence of "careless indifference."  And thus the very proof of debauchery would defeat the cause of action it was intended to establish, by showing that through the carelessness or indifference of a father, the daughter at an unlucky moment, was permitted to go beyond his immediate observation, when she was entrammeled by the seducer, or voluntarily injured by her paramour.

Should that doctrine obtain, this action could never be maintained by the poor father, whose destitute situation requires the absence of his child from a parent's vigilance, to aid in procuring means of subsistence.

We are therefore of opinion, that the instruction asked, was correctly refused, and that the court properly charged the jury, that proof of such careless indifference should only go in mitigation of damages.

Judgment affirmed.

*S. Whicher* and *S. A. Bissell*, for plaintiff in error.

*J. P. Cook*, for defendant.